UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOLA SPICE DESIGNS, LLC<br>Plaintiff | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| HAYDEL ENTERPRISES, INC.<br>D/B/A HAYDEL'S BAKERY<br>Defendant | MAGISTRATE JUDGE: |

## COMPLAINT FOR DECLARATORY JUDGMENT, CANCELLATION OF TRADEMARK REGISTRATION AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes Complainant, Nola Spice Designs, LLC ("Nola Spice"), a Louisiana Limited Liability Company, who for declaratory relief as to the rights of the parties and for other relief as prayed for herein, respectfully represents as follows:

1.

Made Defendant herein is:

**HAYDEL ENTERPRISES, INC. D/B/A HAYDEL'S BAKERY**, a business corporation domiciled in and doing business in the State of Louisiana (hereinafter sometimes "Haydel's").

1

2.

This declaratory judgment action is brought pursuant to 28 U.S.C. §2201 and Fed. R. Civ. Proc. 57.

3.

Subject matter jurisdiction exists pursuant to 15 U.S.C. § 1121 because this is a controversy arising under 15 U.S.C. § 1051 *et seq.* (the Lanham Act), which grants original jurisdiction to the district courts of the United States. Other causes of action stated herein are supplemental to and arise out of the same occurrence(s) and are subject to ancillary and/or supplemental jurisdiction of this Court.

4.

Venue is proper in this district pursuant to 15 U.S.C. § 1051 *et seq.* because Defendant corporation, Haydel's, is domiciled in and maintains its principal place of business within this district, or alternatively because a substantial portion of the events giving rise to the controversy described herein occurred within this district. Moreover, Nola Spice is also domiciled in and maintains its principal place of business within this district.

5.

An actual controversy exists between the parties regarding the rights of these parties under the Lanham Act and the Louisiana Unfair Trade Practices Act ("LUTPA").

6.

Nola Spice now shows that at the time of filing of this Complaint, there exists a dispute that is definite, concrete, real and substantial, and Nola Spice seeks a specific decree and

2

declaration concerning its rights and remedies. In particular, there has been an explicit threat by Defendant of legal action which demonstrates that there is a substantial controversy between these adverse parties and creates reasonable apprehension of a future infringement suit. Further, Nola Spice has been selling, and would like to resume the sale of, products that Defendant apparently considers to infringe upon its trademarks for "MARDI GRAS BEAD DOG."[1]

7.

Upon information and belief, Nola Spice is not aware of any other pending litigation involving these parties and these same issues, and a declaratory judgment rendered in this matter is likely to conclusively adjudicate the rights of these parties.

**Background Facts**

8.

Beginning in the spring of 2012, Nola Spice began creating costume jewelry (earrings, pendants, necklaces, etc. . .) using glass, crystal and/or pearl beads identical to or similar to those beads used to make Mardi Gras beads for decades, and Nola Spice began selling those small pieces of jewelry largely via the internet through websites such as "Etsy.com," "Facebook.com," "Storenvy.com," and "Twitter," as well as to friends and family.

9.

The sole member of Nola Spice is Raquel Duarte (Castro), who grew up in the New Orleans area, attended Mardi Gras parades all of her life, and grew up (like millions of other

---

[1] Attached hereto as Exhibit 1 is a copy of the letter received by Nola Spice from counsel for "Haydel's Bakery."

children in New Orleans) using the broken Mardi Gras bead necklaces to create small animal figurines, including dogs.

10.

Nola Spice sometimes described the jewelry sold on Etsy.com and Facebook.com as "bead dogs." Nola Spice never advertised its products as "MARDI GRAS BEAD DOGS" or in any way implicated or associated itself directly with Haydel's Bakery or the alleged "MARDI GRAS BEAD DOG" trademark that Defendant claims gives it protection under the Lanham Act.

11.

After selling a small amount of "bead dog" jewelry and other similar beaded jewelry products for a few months, Nola Spice received a letter from counsel for Haydel's Bakery advising that Haydel's was the "sole trademark and copyright owner" of the "bead dog design."[2] Haydel's made demand upon Nola Spice to essentially cease and desist, impound the goods, and compensate Haydel's for the alleged violations, including its attorney's fees.

12.

Attached to the Haydel's demand letter is the Trademark from the United States Patent and Trademark Office which shows a picture of a bead dog. It describes the mark as "[A] stylized dog wearing a beaded necklace with the dog being formed by a series of spheres designed to look like Mardi Gras style beads. The dog has two eyes and a nose, all formed by

---

[2] See Exhibit 1.

smaller beads." It is registered for jewelry in Class 14, for clothing in class 25, and for king cake pastries in class 30.[3]

13.

Upon information and belief, Haydel's may also have a trademark (Registration No. 3694698) for the words, "MARDI GRAS BEAD DOG."

14.

Haydel's also sent cease and desist letters and/or otherwise demanded that Etsy.com, Twitter, Storenvy.com and Facebook.com remove the listings for the jewelry being sold by Nola Spice, and those websites complied with Haydel's request, removed content and "bead dog" listings from the website, as well as content about other beaded jewelry sold by Nola Spice that was not even a dog, such as a beaded alligator. These intentional actions by Haydel's has directly resulted in lower sales, damaged business reputation, and a virtual shutdown of Nola Spice's business and ability to generate future sales.

## COUNT I – DECLARATORY RELIEF SOUGHT

15.

Nola Spice seeks a Declaratory Judgment that its actions in creating, producing, promoting, and selling its "bead dog" jewelry and other beaded animal jewelry do not infringe on the trademark rights of Haydel's, and that Nola Spice is not in violation of the Lanham Act or other state or federal trademark rights in relation to the "bead dog" jewelry.

---

[3] See Exhibit 1.

16.

Upon information and belief, Haydel's sought to register its "bead dog" trademarks, both the design and word mark, in approximately April or May of 2009. The design mark shown in Exhibit 1 was officially registered on December 1, 2009. Upon information and belief, the word mark "MARDI GRAS BEAD DOG" was officially registered on or about October 13, 2009.

17.

Nola Spice respectfully avers that residents of New Orleans and the Gulf South have been making "Mardi Gras bead dogs" for generations. In fact, on Haydel's own website, www.haydelsbakery.com, it states, "As a Mardi Gras tradition in New Orleans, carnival krewes throw beads and other trinkets from floats. Often, the beads become tangled and broken. **For years, children have enjoyed twisting the broken beads into animal figurines. The most popular animal to make is the dog**. Various groups like Cub Scouts and Brownies make the little **bead dogs** and sell them for fundraising activities." (emphasis added).[4]

18.

Nola Spice further respectfully avers that there are a plethora of other websites and other jewelry sellers selling beaded animals using the terms "bead dogs" or "bead animals," and a quick internet search will reveal that "bead dogs" come in all shapes, sizes, colors and breeds. In other words, there is nothing inherently unique about the description of a "bead dog" made out of Mardi Gras-like beads. Residents of the City of New Orleans, and of the Gulf Coast in general,

---

[4] Attached hereto is a copy of the printout of this page from the Haydel's Bakery website, Exhibit 2.

have long used the phrase "bead dog" and/or "Mardi Gras bead dog" without any connection whatsoever to Haydel's Bakery.

19.

In accordance with the Lanham Act and the jurisprudence interpreting federal and state trademark laws, to be protected a trademark must be capable of distinguishing the products it marks from those of others. All trademarks fall within one of four categories of trademarks: generic, descriptive, suggestive, or arbitrary/fanciful. The main question in a trademark infringement case is whether there is a likelihood of confusion.

20.

Nola Spice respectfully avers that the word mark "MARDI GRAS BEAD DOG" is a generic mark that is not subject to any protection under federal or state law because the public in general would perceive a "bead dog" and/or "Mardi Gras Bead Dog" to be exactly that, a trinket that is made from twisting beads into the shape of a dog, and would not, in general, think first of Haydel's Bakery.

21.

Moreover, the common usage of the phrases, dictionary definitions, and the social media, including multiple websites, use the phrase "bead dog" and "Mardi Gras Bead Dog" generically to describe a small trinket. In fact, on one website, blog.makezine.com/craft, there is a section entitled, "How to Make a Mardi Gras Bead Dog." There are internet videos and "Ehow" articles demonstrating how to make Mardi Gras Bead Dogs.

7

22.

Alternatively, if the mark "MARDI GRAS BEAD DOG" is not generic, then it clearly falls within the descriptive category, which only affords Haydel's protection IF the mark has acquired a secondary meaning.

23.

Nola Spice avers in the alternative that "MARDI GRAS BEAD DOG" is descriptive without a secondary meaning because the phrase clearly describes the qualities, characteristics, ingredients and purpose of the product, and Haydel's cannot claim protection as an exclusive trademark. The words naturally describe what the particular product is, and, in fact, a dog made out of Mardi Gras beads can hardly be described as anything but simply a "Mardi Gras Bead Dog."

24.

Again, Haydel's own website demonstrates how descriptive the phrase is when it states, "Cub Scouts and Brownies make the little <u>bead dogs</u> and sell them for fundraising activities." (emphasis added). Haydel's own use of the phrase, "little bead dogs" is indicative of the natural use of the phrase in describing what the product is.[5]

25.

Further, there is no secondary meaning associated with the trademarked phrase. There is nothing about the phrase "Mardi Gras Bead Dog" that would signify the primary significance of

---

[5] See Exhibit 2. Incidentally, the fact that Haydel's acknowledges that other organizations, such as Cub Scouts and Brownies, seems to suggest that Haydel's has ignored other potential infringers of the trademark and arbitrarily chosen to pursue Nola Spice.

that phrase as being one uniquely associated with Haydel's Bakery. Accordingly, there is nothing famous or unique about the phrase, and it should not be afforded protection under the Lanham Act.

26.

Further, there is no risk of confusion among the products. Nola Spice sells earrings and other such small pieces of jewelry made out of beads and has advertised and sold them as "bead dogs." The two examples cited by Haydel's in its demand letter are "Pepe the Hot Chile Bead Dog" and "Bead Dog Vampy." Other than the fact that these products are made from beads, there is no similarity to any of Haydel's products, and there is absolutely no likelihood of confusion with any of Haydel's products, since Haydel's, upon information and belief, never sold anything described as a "Hot Chile Bead Dog" or a "Vampy Bead Dog."

27.

The products Haydel's has listed include clothing, shirts, baby clothes, bibs, hats, totes, and visors.[6] Nola Spice has never sold any such items. Nola Spice's products are limited to specific types of jewelry, and Nola Spice has _never_ even used the phrase "Mardi Gras Bead Dog" to sell a single product.

28.

With regard to the trademark for the actual design, as shown in Exhibit 1, the trademark owned by Haydel's has a very specific description of what the Haydel's Bead Dog is: 1) stylized

---

[6] Exhibit 2.

dog; 2) wearing a beaded necklace; 3) dog is formed by a series of spheres designed to look like Mardi Gras style beads; 4) dog has two eyes and a nose formed by smaller beads.

29.

The products that have been sold and listed for sale by Nola Spice do not fall within that exact description since they do not have eyes and a nose made from smaller beads and they are not all made of spheres.

30.

While there may be similarities between Haydel's design of the bead dog and Nola Spice's design of the bead dog, the same can be said of <u>ANY</u> bead dog ever made out of Mardi Gras-style beads. Haydel's clearly should not have exclusive trademark rights to a design of a dog made form Mardi Gras type beads when similar designs can be, and have been, made, and sold, for decades, as documented by Haydel's own admission on its own website.

31.

Nola Spice respectfully avers that there clearly was no intent on the part of Nola Spice to infringe on Haydel's trademarks, there is no likelihood or probability of confusion of any products, that Nola Spice did not, in fact, infringe on Haydel's trademarks, and that Nola Spice is entitled to a declaratory judgment finding that the design and sale of "bead dogs" by Nola Spice does not infringe on Haydel's trademarks.

## COUNT II – CANCELLATION OF HAYDEL'S TRADEMARK

32.

15 U.S.C. § 1119 grants this Court with the power to order the cancellation of any trademark if the mark is generic or if a descriptive mark has failed to acquire a secondary meaning.

33.

To the extent that Nola Spice has demonstrated that the trademark "MARDI GRAS BEAD DOG" and/or Haydel's design are either generic or descriptive, and, therefore, not worthy of federal or state trademark protection, Nola Spice further avers and requests that both trademarks (Registration No. 3717416 and No. 3694698) should be canceled and removed from the federal trademark registry with the U.S. Patent and Trademark Office.

## COUNT III – DAMAGES

34.

Haydel's intentionally engaged in unfair trade practices by sending a cease and desist letter to Nola Spice demanding damages and other actions from Nola Spice to which Haydel's knew it had no right.

35.

In particular, Haydel's represented to Nola Spice that it was the sole trademark and copyright owner of the "bead dog design," but did not specify which "bead dog design" as if to suggest that every type of "bead dog" is off limits to anyone but Haydel's, which is preposterous.

11

36.

Additionally, Haydel's demanded recovery of profits and all attorney's fees, knowing clearly that under the Lanham Act, those types of damages are reserved for certain types of infringement cases including bad faith and extraordinary circumstances. Nola Spice respectfully submits that this was clearly and attempt to bully Nola Spice into submission, and constitutes an unfair trade practice.

37.

Moreover Haydel's submitted cease and desist letters to vendors such as Etsy.com, Storenvy.com, Twitter and/or Facebook.com demanding that those companies remove Nola Spice's product from their listings, but the demand was obviously ambiguous enough that items other than "bead dogs" were removed from the listings. For instance, Facebook.com removed a post from a potential customer about a beaded alligator for sale in reliance on Haydel's notice to Facebook.com.

38.

Haydel's unfair trade practices have resulted in loss of revenue to Nola Spice, as well as other damages to be proven at trial, and in accordance with the Louisiana Unfair Trade Practices Act, Nola Spice is entitled to damages, including treble damages, plus attorneys fees and costs, and seeks judgment against Haydel's in an amount to be determined reasonable by this Honorable Court.

**WHEREFORE**, Nola Spice prays that the Defendant, Haydel Enterprises, Inc. d/b/a Haydel's Bakery, be cited to appear and answer this Complaint for Declaratory Judgment within

the delays fixed by law, and that after due proceedings are had, there be judgment rendered in favor of Nola Spice, and against Haydel Enterprises, Inc. d/b/a Haydel's Bakery, declaring that:

1. Nola Spice did not infringe on any of Haydel's trademarks because the trademark rights are not worthy of protection;

2. Haydel's trademarks should be canceled as generic and/or descriptive and not worthy of protection;

3. For damages under LUTPA, including treble damages, plus attorney fees and costs; and

4. For all other general and equitable relief reasonable in the premises.

Respectfully submitted,

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: _____
JASON P. FOOTE (#25050)
2201 Veterans Memorial Blvd., Ste. 402
Metairie, Louisiana 70002
Telephone: 504-324-8585
Facsimile: 504-324-8496
*Attorney for Complainant, Nola Spice Designs, LLC*