UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NOLA SPICE DESIGNS, LLC                               CIVIL ACTION

VERSUS                                                NO. 12-2515

HAYDEL ENTERPRISES, INC.                              SECTION "J" (2)
d/b/a HAYDEL'S BAKERY

## ORDER AND REASONS ON MOTION

This is a trademark infringement case under the Lanham Act, which also includes a state law claim, commenced by plaintiff NOLA Spice Designs, LLC ("Nola"). Nola seeks (1) a declaratory judgment that its New Orleans Mardi Gras "bead dog" jewelry designs and products do not infringe upon alleged intellectual property rights that defendant, Haydel Enterprises, Inc. ("Haydel") asserts in the Mardi Gras bead dog; (2) a court order cancelling any alleged trademark protection Haydel asserts as to the design; (3) lost revenue damages, trebled under the Louisiana Unfair Trade Practices Act; and (4) attorneys fees and costs. Haydel answered and asserted a counterclaim, which it later amended also to assert a third-party demand against Nola's principal, Raquel Duarte, seeking (1) injunctive relief, including an order prohibiting Nola's alleged infringement; (2) an accounting of all profits earned by Nola from its bead dog products; (3) monetary damages, including trebled compensatory damages and punitive damages; and (4) attorneys fees and costs.

Haydel's motion to compel pursuant to Fed. R. Civ. P. 37 is pending before me. Record Doc. No. 73. Nola filed a timely written opposition. Record Doc. No. 74. Haydel was granted leave to file a reply and to file Exhibit 2 to its reply under seal. Record Doc. Nos. 76, 78-79, 82-84. Having considered the written submissions of the parties, the record and the applicable laws, IT IS ORDERED that the motion is DENIED for the following reasons.

The exclusive relief sought in this motion is an order compelling Nola and Duarte to (a) produce their "passwords and user names to all online web sites related to the issues in this litigation, including social media, weblogs, financial information and records," and (b) submit their computers to an exhaustive forensic examination, including providing "an independent forensic expert" with "access to full electronic content of Nola . . . and Duarte online pages and bank accounts, including without limitation, online posting, weblogs, and financial accounts, for a time period from October 13, 2009 to the present, including deleted and archived content." Record Doc. No. 73-1 at pp. 19-20. For the following reasons, this overly broad request seeking electronically stored information (ESI), which far exceeds the proportionality limits imposed by Fed. R. Civ. P. 26(b)(2)(C) – expressly made applicable to ESI by Rule 26(b)(2)(B) – is denied.

As to the request for an order compelling passwords and user names, Haydel argues that its opponents have failed to disclose the passwords and user names, either in testimony

2

responsive to deposition questions or in written response to Haydel's Fourth Request for Production, based upon privacy and confidentiality objections.

Haydel is certainly correct in its citation in its memorandum in support of the motion to various court decisions holding that there is no protectable privacy or confidentiality interest in material posted or published on social media. Those citations and that argument, however, miss the point. In this case, Haydel's ultra-broad request for computer passwords and user names poses privacy and confidentiality concerns that go far beyond published social media matters and would permit Haydel to roam freely through all manner of personal and financial data in cyberspace pertaining to Nola and Duarte. Neither Haydel's vague representation that it would limit itself to accessing cyberspace information "related to the issues in this litigation" or the protective order already in place would be effective in controlling the potential for mischief in compelling Nola and Duarte to give Haydel their computer passwords and user names. I know of no legal authority – and none has been cited to me in these motion papers – that would support such broad-ranging and logistically uncontrollable discovery of ESI.

Unlike the request that Nola and Duarte be forced to disclose their passwords and user names, Haydel's request for an exhaustive forensic examination of Nola's and Duarte's computers is within the scope of ESI discovery contemplated by Fed. R. Civ. P. 34(a)(1)(A). At the same time, however, such requests are also subject to the proportionality limitations applicable to all discovery under Rule 26(b)(2)(C), including the

prohibition of discovery that is unreasonably cumulative or duplicative or that could be obtained from some more convenient, less burdensome or less expensive source, or the benefit of which is outweighed by its burden or expense, when considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake and the importance of the proposed discovery to those issues. Certainly, the Official Advisory Committee Notes to the 2006 Amendments to Rule 34 relating to electronic discovery of the type sought by Haydel counsel caution:

> "As with any other form of discovery, issues of burden and intrusiveness raised by requests to test . . can be addressed under Rules 26(b)(2) and 26(c). Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to . . . electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems."

Advisory Committee Notes to 2006 Amendments, quoted in Federal Civil Judicial Procedure and Rules at p. 192 (Westlaw Pamph. 2013 ed.).

Thus, while forensic computer examinations of the type sought by Haydel in this motion are "not uncommon in the course of civil discovery, . . . '[c]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature.'" John B. v. M.D. Goetz, Jr., 531 F.3d 448,

459-60 (6th Cir. 2008) (quoting Balboa Threadworks, Inc. v. Stucky, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006) (citations omitted). In addition, "mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." John B., 53 F.3d at 460 (citing McCurdy Group, LLC v. Am. Biomedical Group, Inc., 9 Fed. Appx. 822, 831 (10th Cir. 2001). "[A] mere desire to check that the opposition has been forthright in its discovery responses is not a good enough reason" for a court order compelling an exhaustive computer forensic examination. Memry Corp. v. Kentucky Oil Technology, N.V., 2007 WL 832937, at *3 (N.D. Cal. Mar, 19, 2007).

   Instead, courts have permitted restrained and orderly computer forensic examinations where the moving party has demonstrated that its opponent has defaulted in its discovery obligations by unwillingness or failure to produce relevant information by more conventional means. White v. Graceland College Center etc., 2009 WL 722056, at *7 and cases cited at n. 17 (D. Kan. Mar. 18, 2009). "Thus, . . . compelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures," including that they must "account properly for the significant privacy and confidentiality concerns" of the parties. John B., 53 F.3d at 460.

   Applying the foregoing standards and principles of proportionality in this case, I find on the current record that Haydel has failed sufficiently to justify the broad forensic

5

computer examination it requests the court to order in this motion. Certainly, there is some connection between the computers sought to be examined and the claims in this lawsuit. Social media and other websites accessed through the subject computers are some of the marketplaces used by Nola to publicize and sell its bead dog products. Thus, that is one consideration that supports Haydel's request. However, the other factors considered by the courts in the cases cited above and the proportionality balance required by Rule 26(b)(2) all weigh heavily against permitting the exhaustive computer forensic examination Haydel seeks.

First, I find that Nola has not willfully defaulted on its discovery obligations in a way that would justify the requested examination. Haydel's previous motion to compel was denied, and the responses found sufficient. Record Doc. No. 59. The evidentiary materials submitted by Haydel in support of the current motion, including its opponents' tax returns and other records, written discovery responses and their verifications and sworn deposition testimony, fall far short of establishing the kind of willful default or failure to respond to discovery requests that other courts have required before ordering forensic computer examinations. Nola and Duarte have repeatedly stated – in verified interrogatory answers, in written responses to requests for production signed pursuant to Fed. R. Civ. P. 26(g), in deposition testimony, and in its counsel's memoranda in response to Haydel's motions to compel – that it has produced all responsive materials in its possession, custody or control. This motion does not refute those averments.

6

Second, Haydel's own arguments in its own briefing in connection with this motion express the kind of "mere skepticism" and "mere desire to check that the opposition has been forthright in its discovery responses" that the decisions cited above have found insufficient to compel an intrusive computer forensic examination. These assertions include that Haydel "has good reasons to <u>believe</u> that <u>something</u> in Plaintiff's statements is not true;" that it has "<u>suspected</u> all along" that its opponents have records that they refuse to produce; that it "<u>believes</u> [its opponents] make representations of one nature to the Court, another to Haydel and still another (in the form of tax returns) - to the Internal Revenue Service." Record Doc. No. 76-1 at pp. 2-3 (emphasis added).

The discovery situation about which Haydel complains is perhaps best illustrated by the deposition testimony of its opponent that Haydel quotes and relies upon at Record Doc. No. 76-1 p. 7.[1] The thrust of Haydel's complaints about Nola's discovery responses is that – like the footnoted deposition testimony – Haydel has not received information or materials it suspects should exist and which it insists Nola and Duarte must have if they are to prove their case, but which Nola and Duarte say – under oath – they do not possess. If Nola and Duarte have no financial documents sufficient to support their claims or in the form or format Haydel thinks (or would like to see) exist, that is good for Haydel's defense. It is not a basis, however, for ordering the additional discovery measures Haydel seeks in

---

[1] "Q: You had indicated that your sales have suffered as a result of Haydel's enforcing its trademark and copyright? A: I do believe so, yes, sir. Q: Do you have financial documents to support that statement? A: No, sir." Record Doc. No. 76-2 at p. 7 (Transcript of Nola Deposition at p. 179).

this motion, which at least one circuit court has described as "drastic." McCurdy Group, 9 Fed. Appx. at 831. For all of the foregoing reasons, the motion is denied.

Both sides have requested an award against the other of attorneys fees and costs. "If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In this instance, I cannot find either that the motion was unjustified or that such an award to either party would be just. Accordingly, all such requests are also denied.

New Orleans, Louisiana, this  2nd  day of August, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE