```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

NOLA SPICE DESIGNS, LLC                    CIVIL ACTION

                                           NO: 12-2515
versus

HAYDEL ENTERPRISES d/b/a                   SECTION: "J" (2)
HAYDEL'S BAKERY
```

**ORDER & REASONS**

Before the Court is Plaintiff/Counterclaim Defendant Nola Spice Design, LLC and Third Party Defendant Raquel Duarte's **Motion in Limine (Rec. Doc. 80)** and Defendant/Counterclaim Plaintiff Haydel Enterprises d/b/a Haydel's Bakery's opposition thereto (Rec. Doc. 94). This motion is set for hearing, with oral argument, on August 14, 2013; however, the Court determined that the motion can be decided on the briefs in anticipation of the upcoming oral argument on other pending motions in this matter. After considering the motions and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be GRANTED for the reasons set forth more fully below.

This matter arises from claims of trademark and copyright infringement stemming from the creation and sale of "Bead Dog" merchandise. After receiving a cease-and-desist letter from Haydel Enterprises ("Haydel"), Nola Spice Design, LLC ("Nola Spice") filed for a declaratory judgment that it was not infringing on the trademarks of Haydel, among other claims. Haydel answered the

complaint by asserting counterclaims of copyright and trademark infringement, along with other claims, against Nola Spice and Third Party Defendant Raquel Duarte ("Duarte"), the sole member of Nola Spice. The trial of this matter is set for October 7, 2013 with a jury.

In the present motion in limine, Nola Spice and Duarte seek to exclude the expert testimony of Molly Buck Richard ("Ms. Richard"), expert for Haydel. Nola Spice and Duarte argue that Ms. Richard's testimony should be excluded because it is not based on anything other than an attorney's review of the evidence. Nola Spice and Duarte contend that such expert testimony offers no aid to the factfinder and merely states legal conclusions that a jury could come to, and should come to, on their own.

Even though Federal Rule of Evidence 704(a) states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact, "the rule does not allow a witness to give legal conclusions." Pichon v. Murphy Oil, U.S.A., Inc., 00-2355, 2002 WL 31761556 (E.D. La. Dec. 6, 2002) (citing FED. R. EV. 704(a) and Owen v. Kerr McGee Corp., 698 F.2d 236, 240 (5th Cir.1983)). Further, expert opinions that speak to "issues within the common knowledge, experience, and understanding of the average lay juror" are unhelpful to the factfinder. Araujo v. Treasure Chest Casino, 97-3043, 1999 WL 219771 (E.D. La. Apr. 14, 1999) (holding that, in a Jones Act case, an expert's "opinions are

doubly objectionable because he draws legal conclusions and even uses terms such as 'negligence,' 'unseaworthiness,' and 'seaman.'") If an expert's opinion will "bring to the jury no more than the lawyers can offer in argument and through presentation of fact witnesses," it should be excluded. Id.; see also Pichon, 2002 WL 31761556 (excluding expert opinion that "would supply the jury with no information other than the expert's view of how its verdict should read."); see also Radiofone, Inc. v. Pricecellular Corp., 91-4306, 1992 WL 395207 (E.D. La. Dec. 11, 1992) (holding that, where the ultimate question is whether a contract was formed, "testimony cannot include any comment or opinion on the requirements of contract formation under Louisiana law or the application of Louisiana law to the facts of this case").

Haydel opposes this motion, citing to cases wherein attorneys were allowed to offer expert opinions and arguing that such opinions and legal conclusions are admissible when they can aid the factfinder, especially when the issues are in a specialized area of law. The Court does not find Haydel's argument persuasive.

C.P. Interests, Inc. v. California Pools, Inc., 238 F.3d 690, 698 (5th Cir. 2001), cited by Haydel, is not directly on point with the current matter. While it is true that, in that case, the court allowed a trademark attorney to testify as an expert, the court's decision was not as cut-and-dry as Haydel suggests. In that case, the court held that, though the expert arguably testified to legal conclusions, any possible error in allowing the testimony was

tempered by the facts that (a) much of the other evidence proved the same conclusions, and (b) that the jury interrogatories were phrased in a way that would prevent "a jury [from leaping] to the same conclusions advanced by [the expert]." C.P. Interests, Inc. v. California Pools, Inc., 238 F.3d 690, 698 (5th Cir. 2001).

The same set of facts are not present in the instant case. Ms. Richard's testimony reads as a nearly verbatim recital of trademark and copyright issues in this case and could potentially lead a factfinder to adopt her conclusions. Moreover, Ms. Richard's report does not simply support the evidence presented in this case, but rather uses the evidence to render opinions (a)that are directly in line with Haydel's position, and (b)that the factfinder will be perfectly capable of making.

In Huddleston v. Herman & MacLean, 640 F.2d 534, 552 (5th Cir. 1981) aff'd in part, rev'd in part, 459 U.S. 375 (1983), also relied on by Haydel, the Fifth Circuit affirmed the district court's decision to allow a securities attorney to testify that specific language on a prospectus was boilerplate language because his testimony "was based on technical knowledge that would assist the trier of fact to understand the evidence or to determine a fact issue." Id. This testimony was allowed to help lay jurors understand that, even though the language on the prospectus at issue indicated a high level of risk in the securities, it was standard industry practice to include it, and therefore did not make the securities unique from others of the same type. Without

this language, the jury may have afforded the language too much weight. In contrast, in the present matter, there are not any issues that could confuse the jury in such a way. In fact, much of the analysis in the instant matter requires an inquiry into how the public perceives the bead dogs, not how an intellectual property attorney perceives the bead dogs.

Therefore, the Court finds that the expert testimony of Ms. Richard should be excluded. Her expert report does not include any opinions that the average lay person could not come to on his or her own and does not offer any information beyond what the parties can offer through legal argument and fact witnesses.

Accordingly,

**IT IS ORDERED** that Nola Spice Designs, LLC and Raquel Duarte's **Motion in Limine (Rec. Doc. 80)** is **GRANTED.**


New Orleans, Louisiana this 12th day of August, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE