```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA


NOLA SPICE DESIGNS, LLC                    CIVIL ACTION

VERSUS                                     NO: 12-2515

HAYDEL ENTERPRISES, INC.                   SECTION: "J" (2)
d/b/a HAYDEL'S BAKERY
```

### Order

Before the Court is Plaintiff Nola Spice Designs, LLC ("Nola Spice")'s **Motion for Award of Attorney's Fees and Costs (Rec. Doc. 114)** and Defendant Haydel Enterprises, Inc. ("Haydel")'s opposition thereto (Rec. Doc. 117). Nola Spice's motion was set for hearing on September 25, 2013, on the briefs. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, now finds that Plaintiff's motion should be **GRANTED**.

The Court recently granted summary judgment in favor of Nola Spice on the parties' claims and counterclaims brought pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*. (Rec. Doc. 105) Thereafter, Nola Spice filed the instant motion for an award of attorney's fees under the Copyright Act, 17 U.S.C. § 505, and the Lanham Act, 15 U.S.C. § 1117. Nola Spice requests $31,004.65, plus any future costs. The attorney's fees that have accrued were based on rates ranging from $135 to $150 per hour for attorney services and $80.00 per hour for paralegal services. See Pl. Mot., Exh. 17, Rec. Doc. 114-18. Haydel opposes the award of attorney's fees in its entirety. In the

alternative, Haydel argues that, if it is determined that attorney's fees are merited under one Act and not the other, Nola Spice is not entitled to the entire amount of fees claimed.

Upon a review of the parties' briefs and the relevant factors and standards included therein, the Court finds that Nola Spice is entitled to attorney's fees under 17 U.S.C. § 505 in the amount of $31,004.65. The Fifth Circuit has clearly articulated the appropriate standard for determining whether to grant an award of attorney's fees under 17 U.S.C. § 505:

> The Copyright Act authorizes a court to award reasonable attorney's fees to the prevailing party in a suit under the Act. In Fogerty v. Fantasy, Inc., 510 U.S. 517, 534-35 (1994), the Supreme Court held that attorney's fees should be awarded evenhandedly to both prevailing plaintiffs and defendants in copyright actions. [...A]n award of attorney's fees to the prevailing party in a copyright action is the rule rather than the exception and should be awarded routinely. Nevertheless, recovery of attorney's fees is not automatic. Attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. The Supreme Court listed several non-exclusive factors that a court may consider in exercising its discretion: frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.

Virgin Records Am., Inc. v. Thompson, 512 F.3d 724, 726 (5th Cir. 2008) (internal citations omitted).

An award of attorney's fees in this matter serves the need to advance considerations of compensation and deterrence. It appears that there is a need for deterrence, for it is clear that Haydel (a) plans, or at least planned, to further use the bead dog mark,

(b) firmly believes in the protectability of its marks, and (c) is willing to engage in expensive litigation to protect itself, as shown by its spending of over $122,000 in the instant suit. Moreover, compensating Nola Spice for litigating this matter, despite its status as a single member limited liability company, would serve to protect the functions of copyright law. See Randolph v. Dimension Films, 634 F.Supp. 779, 796 (S.D. Tex. 2009) (noting that "the *Fogerty* rule of "evenhandedness" in awarding fees in copyright infringement cases--in particular, the compensation factor--was intended to promote the Copyright Act by ensuring that parties with limited resources could afford to prosecute or defend against opponents with plentiful resources.")

Further, though a losing party's claims are not always considered to be objectively unreasonable or frivolous, the Court is persuaded that Haydel's claims bordered on the unreasonable. Though there were some similarities in the overall look of the parties products, the products had some striking differences, most importantly that one was made of individual beads and the other was not. Moroever, as to the litigation of this matter as a whole, the Court finds that, though it was previously determined that Haydel did not engage in unethical and immoral behavior as is required for damages under the Louisiana Unfair Trade Practices Act, the standard for attorney's fees under the Copyright Act is not nearly as stringent, and Haydel's position and behavior in this litigation

3

fell short of reasonable. While the Court agrees that Haydel was never required to engage in settlement negotiations or give in to the desires of Nola Spice, the Court nevertheless finds it persuasive that Haydel often failed to support its position with admissible evidence, proved to be difficult during discovery, and eventually lost nearly every motion--both procedural and substantive--in this litigation, with the exception of the unfair trade practices claim. Therefore, considering the deterrent effect, coupled with the unreasonableness of Haydel's litigation, the Court finds that an award of attorney's fees is merited. Id. ("when a copyright infringement claim is objectively unreasonable, deterrence is an important factor.")

As to the amount of the award, Haydel does not dispute the hourly rate, but rather only suggests that the award given be directly linked to the claims on which Nola Spice was successful. Finding that such linking of the award to the exact task performed is likely impossible and not necessary, and a finding that the award requested is extremely reasonable, the Court declines to reduce the award.

Finally, the Court finds that Nola Spice is entitled to costs associated with this litigation.

Accordingly,

Nola Spice Design, LLC's **Motion for Award of Attorney's Fees and Costs (Rec. Doc. 114)** is **GRANTED**.

New Orleans, Louisiana, this 20th day of September, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE