UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NOLA SPICE DESIGNS, LLC        CIVIL ACTION

VERSUS        NO: 12-2515

HAYDEL ENTERPRISES, d/b/a        SECTION: **"J"** (2)
HAYDEL'S BAKERY

## ORDER & REASONS

Before the Court is Defendant Haydel Enterprises, Inc. ("Haydel")'s **Motion to Stay Execution of Judgment Without Supersedeas Bond and, in the Alternative, to Reduce Amount of Supersedeas Bond (Rec. Doc. 134)** and Plaintiff Nola Spice Designs, LLC ("Nola Spice")'s opposition thereto. (**Rec. Doc. 136).** Defendant's motion was set for hearing on November 20, 2013, on the briefs. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a trademark and copyright dispute between the parties. Following oral argument on the parties'

1

cross-motions for summary judgment, the Court entered judgment in favor of Nola Spice on the majority of the claims presented in this matter, and Haydel subsequently filed a notice of appeal. The Court then granted Nola Spice's motion for attorneys' fees and costs, which Haydel also appeals. On October 28, 2013, Haydel filed the instant motion in which it seeks a stay of the enforcement of judgment either without posting supersedeas bond or with posting of a reduced bond. Haydel also requests the cancellation of judgment liens that Nola Spice filed against it in Orleans Parish and Jefferson Parish.

## LEGAL STANDARD & DISCUSSION

When deciding a motion to stay the enforcement of judgment without posting supersedeas bond, "the burden is on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof." Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). The Court in Poplar Grove identified two situations that would merit departure from the ordinary requirement of posting bond: (1) when "a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an

appeal," or (2) when "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." Id.

More recently, in the Southern District of Texas, a court listed similar considerations, but also added to the list. Halliburton Energy Servs., Inc. v. NL Indus., No. 05-4160, 2008 WL 2787247 (S.D. Tex. July 16, 2008) The Halliburton court considered:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the ability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Id.

In the instant matter, Nola Spice aptly points out that Haydel does not objectively prove anything in its motion because it fails to present any proof of its financial condition that goes beyond counsel's argument in the briefs. Therefore, it is impossible for the Court to determine if Haydel has the financial ability to respond to the judgment with ease or if posting a bond would financially harm Haydel. Further, even if such proof did exist, there is nothing unusual or extraordinary about this

matter, and the Court sees no reason to depart from the usual requirement that the judgment debtor post a supersedeas bond to obtain a stay of the enforcement of the judgment. As such, if Haydel wishes to stay the enforcement of this judgment, it must post a supersedeas bond in the amount of the judgment, plus twenty (20) per cent, which amounts to $37,205.58,[1] within ten (10) days of this order. See L.R. 62.2.

Finally, with respect to Haydel's request to cancel the judgment liens against it by Nola Spice, the Court is without authority to take such actions as there was no stay in place at the time the liens were levied against Haydel.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Stay Execution of Judgment Without Supersedeas Bond and, in the Alternative, to Reduce Amount of Supersedeas Bond (Rec. Doc. 134)** is **DENIED.**

**IT IS FURTHER ORDERED** that, if Haydel wishes to stay the enforcement of this judgment, it must post a supersedeas bond in the amount of the judgment plus twenty (20) per cent, which amounts to $37,205.58, within ten (10) days of this order.

---

[1] The Court entered a final judgment in the amount of $31,004.65. (Rec. Doc. 124) $31,004.65 * 120% = $37,305.58

4

New Orleans, Louisiana this 20th day of November, 2013.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE